[Civ. No. 1304.    Third Appellate District.—April 10, 1915.]

DAVID T. RUFFIN, Respondent, v. DAVID BECKER et al., Defendants; E. R. LILIENTHAL, Appellant.

CONTRACTS—GUARANTY—SECURITY FOR PAYMENT OF RENT—CONTRACT FOR SALE OF LEASED PREMISES—WHEN GUARANTY NOT TERMINATED BY.—A guarantor of the payment of rent reserved in a lease was not released from liability under the guaranty by virtue of the subsequent execution of an executory contract of sale entered into by the lessor and the guarantor, which contract provided that the release of the guarantor was a part of the consideration for the contract, where the contract also provided that if the lessor failed for sixty days after notice of defects to remedy the title to the property, "this agreement shall terminate," and such notice of defects was in fact given and the title never remedied.

ID.—CONSTRUCTION OF CONTRACT.—In such a case where the contract of sale was prepared by the guarantor and neither the lessor nor any legal advisor of his had anything to do with its preparation, any ambiguity in the contract must be construed against the guarantor, as the rule is, that in cases of uncertainty, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist; and the contract must be taken in the sense in which the guarantor supposed the lessor understood it.

ID.—PAROL EVIDENCE—INADMISSIBILITY OF.—Parol evidence of the conversations and prior negotiations of the parties was unnecessary and inadmissible, but its admission was entirely without prejudice where it was in line and harmony with the written instrument itself.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond, for Appellant.

Sullivan, Sullivan & Theo. J. Roche, for Respondent.

BURNETT, J.—The judgment heretofore rendered was set aside to permit appellant to file his reply brief. His time had been extended several times in accordance with stipulations of the attorneys and apparently the last period agreed upon had expired. The cause was therefore deemed submitted and the judgment of affirmance followed. Thereafter it was made to appear that another stipulation had been signed by the attorneys for respondent giving appellant additional time to file his reply brief. Through inadvertence this stipulation had not been presented to the court, and the court was not apprised of its existence until after said judgment was rendered. No objection was made by respondent to the motion of appellant to reopen the case. We have considered said reply brief, but we adhere to the views expressed in the opinion heretofore rendered, which are as follows:

"The appeal is from the judgment and order denying a new trial. There is no controversy as to the facts, the construction of a certain written instrument being determinative of the merits of the case. The action was brought against Becker as lessee and Lilienthal as guarantor or surety for the recovery of the sum of $2,100.00 for rent of certain premises on Geary Street in San Francisco. As stated above, there is no dispute as to the terms of the lease, the amount due thereunder or that appellant Lilienthal guaranteed the payment of the rent. There are only two grounds upon which appellant relies for a reversal: (1) That a certain executory contract of sale dated April 29, 1908, operated as a release of the guarantor from all obligations created by said lease and (2) That the court erred in overruling appellant's objections to certain questions asked of the plaintiff—the only witness examined at the trial.

"The said instrument of April 29, 1908, which appellant claims to have effaced his liability under the lease, was as follows: 'This agreement, made this 29th day of April, 1908, between David T. Ruffin of San Francisco, California, first party, and E. R. Lilienthal of the same place, second party, Witnesseth:

" 'That first party has agreed to sell, and second party has agreed to buy that certain property in San Francisco, California, together with the improvements thereon (describing said leased property) for the sum of nineteen thousand dollars, whereof one thousand dollars have been paid by second party to first party contemporaneously herewith, and the balance shall be payable upon the completion of the purchase as hereinafter provided.

" 'Second party shall have thirty days after receipt from first party of an abstract of title to said property for the payment of the balance of the purchase price against delivery of a good and sufficient deed free from encumbrance.

" 'If during said thirty days, second party shall point out in writing any objections to the title, first party shall have sixty days within which to remedy said defects. If during said sixty days said defects should not be remedied, then, unless the time be extended, *this agreement shall terminate,* and said deposit shall be repaid to said second party. . . .

" 'It is part of the consideration hereof that second party shall be released from all liability under that certain written guaranty executed by him of performance by David Becker under the lease made to the latter by first party under date of October 31, 1906.'

"It seems to us that the reasonable construction of said instrument leads to the conclusion that the parties intended that if the title was not made satisfactory to the prospective purchaser said executory contract of sale should cease to be operative and that all rights of both parties created by said contract should be at an end. In other words, they agreed that if Ruffin failed for sixty days to make good any defects in the title pointed out by Lilienthal, the parties should thereafter sustain to each other the same relation as though no such contract had been executed. This, it is believed, is the fair import of the expression: 'This agreement shall terminate and said deposit shall be repaid to said second party.' If said contract was extinguished the provision thereof in relation to said release of the guaranty would, of course, fall with the other terms. Lilienthal did point out certain objections to the title and no steps were taken by Ruffin, within sixty days, or, indeed, at any time, to obviate the objections and nothing further was done toward the consummation of the sale or the transfer of the property. As we view it, the

agreement of sale, therefore, terminated and it constituted no defense to the action on said guaranty.

"We cannot accept appellant's contention that he was released from any obligation on the guaranty by virtue of the execution of said executory contract of sale. At the time of the execution of said contract there was due for rent the sum of twelve hundred dollars and Lilienthal was bound to make good to Ruffin the sum of three hundred dollars per month till the end of the term, amounting to something over $12,000.00. Unless the language of the contract compels the construction we should be slow to impute such unreasonable intention on the part of Ruffin to surrender this valuable right resting upon a concededly valid obligation for a contract of sale that was quite likely to and really did lapse at the expiration of ninety days after April 29, 1908. It seems more reasonable to hold that the parties had in view the consummation of the sale and that the consideration for the transfer of the property was, on the part of Lillienthal, the payment of $19,000.00 and, of Ruffin, the conveyance of the land and the release of said guaranty.

"But if there is any ambiguity in the respect indicated, then it must be construed against appellant in accordance with the familiar principles pointed out in the briefs. First, the said contract of sale was prepared by Lilienthal and neither Ruffin nor any legal adviser of his had anything to do with its preparation. 'In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.' (Civ. Code, sec. 1654; *Lassing* v. *James,* 107 Cal. 348, [40 Pac. 534].) Second, it must be taken in the sense that Lilienthal supposed Ruffin understood it. (Code Civ. Proc., sec. 1864.) There can be no doubt from the evidence as to the facts in relation to this point. Mr. Ruffin testified: 'At the time this thing was executed I had it read over twice and Mr. Lilienthal interpreted it for me partially. He said, "That's a fair agreement, it is fair to you, it is fair to me."' and he said, '"you give me thirty days after you give me the abstract to pay for it in, and at the end of that time if I find any flaws in the title I will give you sixty days to remedy it in; and at the end of that time if you have not remedied them our agreement is null and void, and we have not accomplished anything, we are back

where we started.'' '   Third, the ambiguity is entirely clarified by the parol evidence of the intention of the parties. We have already quoted above sufficient of the testimony of Mr. Ruffin to relieve the question of any doubt that the relinquishment of the liability on the guaranty was to be conditional upon the completed sale of the property.

"If we are right in the construction we have placed upon said executory contract of sale, parol evidence of the conversations and prior, negotiations of the parties was unnecessary and, indeed, inadmissible, but it was entirely without prejudice, since it was in line and harmony with the written instrument itself.

"But as we conceive it, the view most favorable to appellant that can be taken is that said instrument was ambiguous and fairly susceptible of two different constructions so that reasonably intelligent men on reading the contract would honestly differ as to the meaning thereof.   Hence, upon this assumption, the case would be one for the application of the familiar rule embodied in sections 1856 and 1860 of the Code of Civil Procedure.

"We deem further consideration of the cause unnecessary.'' The judgment and order, therefore, are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 7, 1915.